UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ANTHONY MOORE,

Plaintiff,

vs.

LEANN K. BERTSCH,

Defendant.

Civ. No. 11-2692 (DWF/LIB)

**REPORT AND RECOMMENDATION**

Plaintiff, a North Dakota state prison inmate, commenced this action by filing a self-styled complaint seeking relief for alleged violations of his federal constitutional rights. (Docket No. 1.) The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed without prejudice.

## I. BACKGROUND

Plaintiff is an inmate at the North Dakota State Penitentiary in Bismarck, North Dakota. He is attempting to sue the warden at that prison, Defendant Leann K. Bertsch, for alleged violations of his federal constitutional rights. Although Plaintiff's complaint is somewhat difficult to decipher, it is obvious that he believes Defendant has violated his constitutional rights by failing to give him adequate medical care. Plaintiff also seems to believe that Defendant has violated his constitutional rights by placing him in some form of segregated housing.

Plaintiff is seeking a judgment in this case that would compel Defendant to transfer him to a different location. He apparently wants to be moved to someplace where he might receive better medical care.[1]

Plaintiff did not pay any filing fee for the present action, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) For the reasons discussed below, the Court finds that Plaintiff's IFP application should be denied, and this action should be dismissed.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from a government employee, (Defendant Bertsch), his pleading is subject to initial "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the complaint in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine whether the pleading states an actionable claim, and should be allowed to proceed. If a prisoner-plaintiff has failed to plead a viable claim, his complaint must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).

---

[1] The "Relief Sought" section of Plaintiff's complaint is handwritten and very difficult to read. It appears to say the following:

> "The case be not transferred to North Dakota. A Court order to remove the Plaintiff. Or to transmit transfer referrals on his behalf to the agencies of desire, and jury trial with counsel appointed."

(Complaint, [Docket No. 1], Attached "Statement of Claims," p. 6.)

In this case, it appears on the face of the complaint that all of Plaintiff's claims against Defendant Bertsch are based on acts or omissions that occurred entirely in the State of North Dakota. There are no allegations suggesting that any of Plaintiff's current claims are based on anything that happened in Minnesota. It further appears that the only named Defendant in this action, Defendant Bertsch, is a resident of North Dakota, (see Complaint, p. 3, § III.C), and that she has not had any jurisdictionally significant contacts with the State of Minnesota. It is therefore necessary to consider whether there is any proper basis for exercising personal jurisdiction over Defendant Bertsch in the District of Minnesota.

A two-step analysis is used to determine whether a court can properly exercise personal jurisdiction over a defendant. Northrup King v. Compania Productora Semillas, 51 F.3d 1383, 1387 (8th Cir. 1995). First, the court must consider whether personal jurisdiction can properly be exercised under the state law of the forum state; more specifically, whether jurisdiction exists under the state's "long-arm statute." Id. "Second, the court's exercise of jurisdiction must be consistent with the due process clause of the Fourteenth Amendment." Id. "Minnesota [state] courts have concluded that if a non-resident's contacts with [the] State satisfy due process, the Minnesota long-arm statute also is satisfied." Id. The dispositive issue, therefore, is whether this Court can exercise personal jurisdiction over the named Defendant without violating the protections afforded by the due process clause.

"Due process allows a court to exercise personal jurisdiction over a non-resident defendant only if doing so is consistent with traditional notions of fair play and substantial justice." Id., citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The

plaintiff must demonstrate that the non-resident defendant has had sufficient contacts with the forum state such that the defendant "'should reasonably anticipate being haled into court there.'" Northrup King, 51 F.3d at 1387, citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291, 297 (1980).

As noted above, there is nothing in the record in this case to suggest that there has been any jurisdictionally significant contact or connection between Defendant Bertsch and the State of Minnesota. Plaintiff's complaint does not describe anything that Defendant Bertsch has done in Minnesota that should have caused Bertsch to anticipate that she might be suable in this state. It is readily apparent that Plaintiff's claims are based entirely on matters that allegedly occurred in North Dakota, and none of his current claims are based on anything that occurred in Minnesota. Thus, the Court finds that there is no proper basis for exercising personal jurisdiction over Defendant Bertsch in the District of Minnesota.[2]

When an IFP applicant (such as Plaintiff here) files a complaint that does not include any allegations supporting personal jurisdiction over the named defendant(s) the case can properly be dismissed, sua sponte. Sanders v. United States, 760 F.2d 869, 871-72 (8th Cir. 1985) (per curiam); see also, Martin-Trigona v. Smith, 712 F.2d 1421, 1424 (D.C.Cir. 1983). In the alternative, the Court may find that the action should be transferred to a district where personal jurisdiction might exist, pursuant to 28 U.S.C. § 1631.

---

[2] It is readily apparent that Plaintiff is attempting to sue Defendant Bertsch here in Minnesota only because he has had little (if any) success in many past lawsuits in North Dakota. As of 2009, Plaintiff had already been identified as a "serial litigator" by the United States District Court for the District of North Dakota, and he had already become subject to the "three strikes rule" prescribed by 28 U.S.C. § 1915(g). Moore v. Bertsch, No. 1:09-cv-027 (D.N.D. 2009), 2009 WL 2150966 at *5.

Section 1631 provides that "[w]henever a civil action is filed in a court... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action... to any other such court in which the action... could have been brought at the time it was filed." A transfer under § 1631, rather than dismissal, is appropriate "when a plaintiff in good faith filed in the wrong court and the statute of limitations would have run before he could refile properly." Gunn v. United States Dep't of Agriculture, 118 F.3d 1233, 1240 (8th Cir. 1997), cert. denied, 522 U.S. 1111 (1998), citing In re Apex Oil Co., 884 F.2d 343, 346 (8th Cir. 1989); Hempstead County and Nevada County Project v. United States E.P.A., 700 F.2d 459, 463 (8th Cir. 1983). Thus, in order to determine whether the "interests of justice" require that a case be transferred, rather than dismissed, a court must consider whether dismissal of the action will affect the plaintiff's vulnerability to a statute of limitations defense. If the plaintiff can still refile his action in a proper court before the statute of limitations expires, then a transfer pursuant to § 1631 is unnecessary, and the case can simply be dismissed. Gunn, 118 F.3d at 1240 (transfer pursuant to § 1631 not required where Plaintiff could still bring a timely action in a proper court); cf. Gray v. Lewis & Clark Expeditions, Inc., 12 F. Supp.2d 993, 999 (D.Neb. 1998) (case transferred to court that had personal jurisdiction where it appeared that the statute of limitations expired shortly after the case was filed in the transferor court).

Here, Plaintiff's claims are based on events that allegedly occurred fairly recently, and appear to be ongoing. Plaintiff has not suggested, and the Court finds no reason to believe, that any of Plaintiff's current claims is subject to any imminent statute of limitations deadline. Thus, the Court concludes that it would be preferable to dismiss Plaintiff's claims against Defendant Bertsch, rather than transfer this action to another district, (namely the

District of North Dakota), pursuant to § 1631. Moreover, Plaintiff has expressly requested that this case not be transferred to another district. (See Complaint, [Docket No. 1], Attached "Statement of Claims," p. 6, and the cover letter accompanying Plaintiff's complaint.) The case should be dismissed, not transferred.

## III. CONCLUSION

For the reasons discussed above, the Court will recommend that this action be summarily dismissed, without prejudice, for lack of personal jurisdiction over the sole named Defendant. Having determined that this action should be summarily dismissed, the Court will further recommend that Plaintiff's IFP application be denied. See Sanders, supra; 28 U.S.C. § 1915(e)(2)(B). The Court will also recommend that Plaintiff's pending motion for appointment of counsel be summarily denied. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. Plaintiff's motion for appointment of counsel, (Docket No. 3), be **DENIED**; and

3. This action be summarily **DISMISSED WITHOUT PREJUDICE**.

Dated: September 22, 2011

s/Leo I. Brisbois
LEO I. BRISOBOIS
United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by October 6, 2011**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.